**Opinion issued August 28, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00170-CR

———————————

**DANTRELL STILLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1475150**

---

## MEMORANDUM OPINION

A jury convicted appellant Dantrell Stills of capital murder for his involvement in a robbery that resulted in the fatal shooting of Damian Smith. *See* TEX. PENAL CODE § 19.03(a)(2). The trial court assessed punishment at life in prison without the possibility of parole. *See id.* § 12.31(a)(2). On appeal, Stills

challenges the sufficiency of the evidence to support his conviction. He asserts that the State failed to offer any evidence establishing his participation as either a principal or as a party to either the robbery or murder.

Concluding that the evidence allowed a rational trier of fact to find Stills guilty of capital murder beyond a reasonable doubt, we affirm.

## Background

Damian Smith lived with his parents and was known to sell marijuana out of his bedroom at the back of the house. He was in his bedroom, and his sister and his mother were also in the house, when two men entered from the back. The intruders shot Smith to death in his bedroom.

Smith's sister saw a lot of drugs and money in the bedroom before the two intruders killed her brother. She heard a "pop" and saw a man standing outside of Smith's bedroom and pointing a gun toward it. She entered the bedroom to get her 2-year-old son, and she saw Smith on his bed. She left the room with her son, and then she heard several more "pop" sounds.

Smith's mother heard gunshots in the house. She went to the bedroom and saw Smith on the bed, with a man on top of him, hitting him on the head with a gun. She saw another man standing at the back door. Both men left through the back door, with the man who had beat her son carrying his gun in his hand.

Subsequent investigation revealed that a "shootout" occurred in the bedroom including at least one .45 caliber weapon and one 9-millimeter caliber weapon. Smith had gunshot residue on his hand. No drugs were found in the room, and the money seen by Smith's sister was gone.

Just before Smith was killed, one of his friends, Richard Carter, was parked near the house in his sport utility vehicle. Carter observed a Mercury Grand Marquis arriving at the house, and he saw appellant Dantrell Stills getting out of the car, along with Gregory Pinnekins. From a phone call earlier that day, Carter knew that Pinnekins had planned to visit Smith's house that evening. Stills and Pinnekins walked to the back of the house.

The outside of the house was equipped with surveillance cameras. The cameras captured video of Stills and Pinnekins entering the back door of the house, just before Smith was killed in his bedroom. The video showed Stills wearing black sandals. Stills and Pinnekins exited the house three minutes after they entered. Stills appeared to be carrying a gun. Pinnekins was carrying a black trash bag. On departure, Stills had no shoes. The sandals were recovered from Smith's bedroom—one on the bed and the other next to it.

Pinnekins had been shot in the house. The two men returned to the Grand Marquis parked in front of the house, but the car keys had been left behind in Smith's bedroom. They got out of the car and approached Carter in his sport utility

vehicle. Stills was running, Pinnekins was limping. They got in Carter's car with the black trash bag. Stills pointed his gun at Carter and said: "They shot Greg, drive off."

Carter drove to a nearby hospital, and he dropped Pinnekins there. He took Stills to a friend's car. Stills took the trash bag with him. Pinnekins died from his gunshot wound.

The crime investigation led police to Stills, who admitted he was the person seen on the surveillance video. The .45 caliber firearm used to shoot Smith was recovered from the Grand Marquis, with Smith's blood on it. Stills was charged with capital murder and tried before a jury. The jury charge included instructions concerning the law of parties and thus allowed the jury to convict Stills of capital murder if it determined that he was a party or party-conspirator to the offense. *See* TEX. PENAL CODE § 7.02(a)(2), (b).

The jury found Stills guilty of capital murder. He appeals.

## Analysis

Stills challenges the sufficiency of the evidence to support his conviction. He argues that the evidence was insufficient to establish his guilt either as a principal or as a co-conspirator or party to the offense, and therefore it was insufficient to support his conviction for capital murder.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859, 860 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). The jury is the sole judge of witness credibility and the weight given to any evidence presented. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).

We give great deference to the jury's credibility determinations, and we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury may accept one version of the facts and reject another, and it may believe or disbelieve any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Rivera v. State*, 507 S.W.3d 844, 853–54 (Tex. App.–Houston [1st Dist.] 2016, pet. ref'd).

The evidence offered to establish guilt may be circumstantial or direct. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence it can be sufficient to establish guilt. *Id.* "Each fact need not point directly and independently to the guilt of the appellant,

5

as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* Jurors are permitted to draw multiple reasonable inferences from the evidence presented at trial. *Id.* at 15. We presume that the jury resolved any conflicting inferences in favor of the verdict, and we defer to that determination. *Merritt*, 368 S.W.3d at 525–26. When the jury charge authorizes conviction on multiple theories, as it did in this case, we must uphold the jury's verdict if the evidence is sufficient under any of the multiple theories. *Hooper*, 214 S.W.3d at 14; *Green v. State*, 495 S.W.3d 563, 572 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

To prove that Stills was guilty of capital murder in this case as a principal, the State was required to show that he intentionally or knowingly caused the death of Smith in the course of committing or attempting to commit a robbery. *See* TEX. PENAL CODE §§ 19.02(b)(1), 19.03(a)(2). A person commits robbery when, "in the course of committing theft," and with intent to obtain or maintain control of the property, he intentionally or knowingly causes bodily injury to another. *Id.* § 29.02(a)(1). For these purposes, "theft" is defined as the unlawful appropriation of property with intent to deprive the owner of the property. *Id.* §§ 29.02(a), 31.03(a). For purposes of the robbery statute, "[i]n the course of committing theft" includes "conduct that occurs in an attempt to commit . . . theft." *Id.* § 29.01(1).

6

Under the law of parties, a person is criminally responsible as a party to the offense, and thus may be charged with the commission of the offense, "if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." TEX. PENAL CODE § 7.01(a), (b). A person is criminally responsible for an offense committed by another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2). In determining whether a person is a criminally responsible party to an offense, the factfinder may examine the events occurring before, during, and after the commission of the offense which show an understanding and common design to do the prohibited act. *See Padilla v. State*, 326 S.W.3d 195, 200–01 (Tex. Crim. App. 2010) (citing *Hooper*, 214 S.W.3d at 13); *see also Diaz v. State*, 902 S.W.2d 149, 151–52 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

Stills argues that the State presented no evidence, either circumstantially or directly, that he intentionally killed Smith or that he could be held responsible under the law of parties. We need not address whether the evidence was sufficient to support a verdict that Stills was the shooter, because to the extent there was any dispute about whether it was him or Pinnekins, the evidence supported finding him guilty as a party to the crime.

It was undisputed that Stills and Pinnekins arrived at Smith's house together, and that Stills was present when Smith was killed. Stills's counsel conceded that when they exited, Pinnekins was holding a black plastic bag in his hand, and Stills was holding a firearm. Although mere presence at the scene, without more, is insufficient to prove guilt as a party, it may be considered in determining whether a defendant was a party to an offense. *Ervin v. State*, 333 S.W.3d 187, 201 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

The State offered evidence that Smith was robbed. He was known as a drug dealer who kept money and drugs in his bedroom where he operated his business. Smith had drugs and money in his room before Stills and Pinnekins arrived together; the drugs and money were gone afterwards.

A rational factfinder could have found, beyond a reasonable doubt, that Smith was robbed and shot by either Stills or Pinnekins. Based on Smith's family's testimony, either Stills or Pinnekins beat Smith with a gun while the other stood by the door. They escaped together with a black trash bag. A jury reasonably could have determined from this evidence that Stills either robbed and killed Smith himself, or he aided Pinnekins in doing so.

Considering all of the evidence in the light most favorable to the verdict, and permitting reasonable inferences and deductions from the evidence presented, we conclude that a juror could have found, beyond a reasonable doubt, that Stills was

the principal or a party to the capital murder of Smith. We overrule Stills's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).